IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12–15–H–DLC |
| Plaintiff, | |
| vs. | ORDER |
| WILLIAM PAUL ROBINSON, | |
| Defendant. | |

Before the Court is Defendant William Paul Robinson's Unopposed Motion for Early Termination of Supervision. (Doc. 38.) The United States does not oppose. (*Id.* at 2.) For the reasons below, the Court grants the motion.

## Background

On March 20, 2013, Defendant was sentenced for receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). (Doc. 32.) The Court sentenced Defendant to 65 months of imprisonment, followed by a lifetime of supervised release. (*Id.* at 2–3.) Defendant began serving his term of supervision on December 5, 2017. (Doc. 39 at 2.) Defendant has not violated his term of supervision. (*Id.*)

## Discussion

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Defendant argues that his supervised release should be terminated because he has been successful over the course of his seven years of supervision. (Doc. 39 at 5.) Defendant further argues that the collateral consequences of his conviction "are themselves a punishment of enormous dimension with severe consequences of non-compliance, all of which fulfill the purposes of sentencing even after supervision terminates." (*Id.* at 13.) Defendant has completed all aspects of his

sex offender treatment, including an outpatient sex offender treatment program in December 2018 and the federal program in June 2024. (*Id.* at 14.) He has taken 15 polygraph tests since his release from prison, none of which revealed significant dishonesty. (*Id.*)

Defendant argues that supervision is not necessary to protect the public, provide Defendant with treatment, or to ensure restitution is paid. (*Id.* at 15.) Defendant has written two books and is in the preparation stages of a third book. (*Id.*) He has drastically improved his credit score over 250 points. (*Id.*) Defendant will still be required to register as a sex offender, which will provide a further guarantee of community safety. (*Id.*) The Court is encouraged by Defendant's seven years of compliance and believes that Defendant can live a successful life without supervision.

Thus, in weighing "the nature and circumstances of the offense" against the "characteristics" of Defendant, along with the need to promote "deterrence" and "protect the public," the Court agrees with Defendant that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that Defendant's Motion (Doc. 38) is GRANTED. William Paul Robinson's term of supervised release is TERMINATED as of the date of this Order.

DATED this 6th day of August, 2024.

3

_____
Dana L. Christensen, District Judge
United States District Court